Filed 9/29/15  P. v. Dionne CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075738 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039957) |
| v. | |
| STEVEN DANSON DIONNE, JR., | |
| Defendant and Appellant. | |

After defendant Steven Danson Dionne, Jr., robbed two people using a deadly weapon and was charged in a criminal complaint, he entered into a negotiated plea.  He agreed to plead no contest to one count in exchange for dismissal of other counts.  As for the sentence, defendant agreed only that the trial court would exercise its discretion up to the maximum of eight years.  The trial court, however, treated the plea agreement as including a negotiated term and imposed the maximum term without exercising its discretion.

1

We conclude that the sentence must be vacated and the matter remanded for the trial court to exercise its sentencing discretion. We also conclude that there is no merit in the Attorney General's contentions that the appeal must be dismissed for failure to obtain a certificate of probable cause and that defendant should be estopped from complaining that the trial court imposed the maximum term.

A discussion of the relevant procedure is included in the Discussion.

DISCUSSION

I

*Failure to Exercise Discretion and State Reasons*

Defendant contends that his sentence must be vacated and his case remanded for resentencing because the trial court failed to exercise its discretion and state its reasons in sentencing. The Attorney General does not respond to this contention but, instead, argues that we should dismiss the appeal. Defendant's contention has merit and requires the requested relief.

Defendant was charged by complaint with two counts of robbery and one count of making a criminal threat. The complaint also alleged that defendant used a deadly weapon. Defendant entered into a negotiated plea with the prosecution. Under the agreement, defendant pleaded no contest to one count of robbery (Pen. Code, § 211; hereafter, unspecified code citations are to the Penal Code) and admitted the deadly weapon use allegation (§ 12022, subd. (b)(2)). The prosecution agreed to dismissal of the remaining counts and enhancements.

The plea form signed by defendant provided that he "may serve this maximum sentence as a result of [his] plea: 8 years" and "[p]robation will be granted only if the sentencing judge finds this to be an unusual case (Prison Presumptive)." Defendant agreed with the statement of the form: "I do understand that the matter of probation and sentencing is to be determined solely by the Superior Court Judge."

2

In the part of the oral plea colloquy concerning a possible maximum prison term, the court asked defendant: "Do you understand that this crime carries up to eight years in the state prison . . . ?" After defendant answered affirmatively, the trial court accepted the plea, finding defendant guilty of the robbery and finding the deadly weapon use allegation true.

Defense counsel offered to waive preparation of a probation report and informed the court that defendant would consent to be sentenced immediately to the maximum term of eight years. After defense counsel stipulated to a factual basis for the plea, the court asked defendant whether he waived preparation of a probation report and agreed to be sentenced that day. Defendant agreed on both points, but he did not expressly agree to be sentenced to a term of eight years.

The court said that it would sentence defendant immediately "pursuant to a stipulated maximum term of eight years pursuant to Rule[] 4.412 [of the California Rules of Court]." The court asked defendant again whether he waived preparation of a probation report and agreed to be sentenced immediately. Defendant again agreed, but again, he did not expressly agree to be sentenced to a term of eight years.

The court then announced that defendant "agreed and the District Attorney [had] not objected to the following sentence: eight years upper term in state prison." The court imposed that sentence.

A sentencing court must exercise its discretion and set forth its reasons on the record for imposing the term it selects. (§ 1170, subds. (b) & (c).) However, if the defendant personally agrees to the sentence, the trial court need not exercise its discretion and state its reasons when it imposes the sentence. That exception is found in rule 4.412 of the California Rules of Court: "It is an adequate reason for a sentence or other disposition that the defendant, *personally and by counsel*, has expressed agreement that it be imposed and the prosecuting attorney has not expressed an objection to it. The agreement and lack of objection must be recited on the record." (Italics added.)

3

Here, the trial court obtained the express agreement from defense counsel for imposing the eight-year maximum term, but it did not obtain defendant's express agreement. Despite the failure to get defendant's express agreement on the record, the trial court imposed the term as if it were a negotiated term. The plea procedure on this record does not reflect that defendant stipulated to an eight-year term, even if he agreed that the trial court could impose up to eight years. The sentencing procedure therefore violated rule 4.412 of the California Rules of Court even though the sentence imposed was within the permissible range. The trial court erred by failing either to (1) obtain defendant's express and personal agreement to a stipulated term or (2) exercise its discretion in making sentencing choices and state its reasons on the record. The Attorney General does not disagree.

Defendant also contends that the error was prejudicial because there was no probation report, and, in essence, it was not a foregone conclusion on this record that the maximum term was appropriate here. He suggests that there was evidence that may have supported a lower term. Again, the Attorney General does not disagree. Neither do we. Without a probation report, and only the barest of factual summaries stating that defendant used a deadly weapon and took personal property from two victims, there is not enough on this record to conclude that the sentencing error was harmless.

We need not consider whether the error also violated defendant's due process rights, as he argues on appeal, because we conclude that the error was prejudicial under any harmless-error analysis.

II

*Certificate of Probable Cause*

The Attorney General argues that we should dismiss this appeal because defendant did not obtain a certificate of probable cause. We disagree. The substance of defendant's appeal does not challenge the plea agreement; instead, it raises an issue of whether the

4

trial court violated the terms of the plea agreement by imposing a sentence as if it had been a negotiated term.

Under section 1237.5, a defendant generally may not appeal from a judgment of conviction following a guilty or no contest plea unless he files with the trial court a statement "showing reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings" (§ 1237.5, subd. (a)), and the trial court executes and files "a certificate of probable cause for such appeal with the clerk of the court" (§ 1237.5, subd. (b)). "The purpose of section 1237.5 is practical and salutary: 'to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas,' and to do so ' "before time and money is spent preparing the record and the briefs for consideration by the reviewing court." ' [Citation.] The requirements of section 1237.5 . . . must be strictly applied. [Citation.] The Supreme Court has disapproved the practice of applying the rule loosely in order to reach issues whose consideration would otherwise be precluded. [Citation.]" (*People v. Cole* (2001) 88 Cal.App.4th 850, 860, fn. omitted.)

Nevertheless, the law recognizes an exception to section 1237.5's certificate requirement. This exception, stated in rule 8.304(b)(4)(B) of the California Rules of Court, permits an appeal without a probable cause certificate if the appeal is based on "[g]rounds that arose after entry of the plea and do not affect the plea's validity." "[T]he critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, original italics (*Panizzon*); see also *People v. Buttram* (2003) 30 Cal.4th 773, 781-782 (*Buttram*).)

In *Panizzon*, the defendant agreed to a plea bargain that called for him to receive a specified sentence and the prosecution agreed to dismiss several charges. (*Panizzon, supra*, 13 Cal.4th at p. 73.) After the defendant was sentenced to the negotiated term, he appealed without first obtaining a certificate of probable cause, contending the sentence

5

violated the federal and state prohibitions against cruel and unusual punishment. (*Id*. at p. 74.) The Supreme Court concluded that since the defendant was "in fact challenging the very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5 . . . ." (*Id*. at p. 73.) The Supreme Court dismissed the appeal because the defendant did not obtain a certificate of probable cause. (*Id*. at pp. 89-90.)

In contrast, in *Buttram*, the Supreme Court considered a situation where the defendant pleaded guilty to felony drug charges in return for an agreed maximum sentence. (*Buttram, supra*, 30 Cal.4th. at p. 776.) Thereafter, the defendant appealed the trial court's denial of diversion and imposition of the maximum term. (*Ibid*.) The Supreme Court held the defendant was not required to obtain a certificate of probable cause because, "absent contrary provisions in the plea agreement itself, a certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be." (*Id*. at pp. 790-791.)

Where, as here, the parties agreed to a maximum sentence, they leave unresolved the appropriate sentence within the maximum and preserve the right to urge the exercise of discretion in favor of probation or a shorter term. (*People v. Cuevas* (2008) 44 Cal.4th 374, 376 (*Cuevas*); *Buttram, supra,* 30 Cal.4th at p. 785.) On appeal, defendant contends that the trial court failed even to exercise its discretion in imposing a sentence. Specifically, he claims that the trial court imposed the maximum sentence under the negotiated plea as if it had been a negotiated term rather than just a statutory maximum. That contention does not challenge or attack the plea; it only challenges the trial court's failure to comply with the terms of the plea agreement.

6

The Attorney General disagrees with this analysis, relying on *Cuevas*, which she claims "addressed the precise facts here."

In *Cuevas*, the defendant entered into a negotiated plea agreement under which he would plead no contest to certain counts, others would be reduced or dismissed, and he would have a maximum possible sentence of 37 years eight months, which was the maximum possible sentence he could have received based on the charges to which he would plead no contest. After the pleas, the court sentenced the defendant to prison for 35 years eight months. The appeal presented the issue of whether the defendant's failure to obtain a certificate of probable cause barred a claim that his sentence on certain counts violated section 654. (*Cuevas, supra*, 44 Cal.4th at pp. 376-380 & fn. 3.)

*Cuevas* did not involve a sentence lid, which is a sentence maximum or cap which is less than the maximum possible sentence the court lawfully could impose for the offense or offenses to which a defendant pleaded guilty or no contest. Instead, in *Cuevas*, the defendant agreed the court could sentence him to any term less than or equal to the agreed-upon maximum possible sentence for the offenses to which he pleaded no contest. (*Cuevas, supra,* at pp. 376-377.)

In this respect, *Cuevas* is essentially identical to this case. The defendant in each case pleaded guilty, and the trial court retained discretion to impose the maximum sentence statutorily prescribed for the crime to which the defendant pleaded guilty. But this case diverges from *Cuevas* in what happened at sentencing.

In *Cuevas*, the trial court sentenced the defendant to a term within the maximum, as allowed by the plea agreement, but the defendant argued on appeal that the term was not available because of the application of section 654. In other words, the defendant in *Cuevas* challenged the validity of the plea agreement. (*Cuevas, supra*, 44 Cal.4th at p. 381.) Here, on the other hand, defendant does not dispute that the trial court has authority to impose the maximum sentence prescribed for the crime to which he pleaded guilty. Instead, defendant asserts that the court's sentencing was procedurally flawed.

7

This is not an attack on the negotiated plea because (1) defendant concedes that the trial court has authority under the plea agreement to sentence him to the maximum term and (2) defendant did not agree to have the maximum term be treated as a negotiated term.

We therefore conclude that defendant was not required to obtain a certificate of probable cause to raise this issue on appeal.

III

*Estoppel*

The Attorney General also argues that defendant should be estopped from "challenging the imposition of a sentence he agreed to in his plea bargain." She claims the defendant is "challenging the trial court's exercise of . . . discretion." To the contrary, defendant contends that the trial court failed to exercise its discretion.

In *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*), our Supreme Court determined that "defendants are estopped from complaining of sentences to which they agreed." (*Id*. at p. 295.) "Where the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*Ibid*., italics omitted.)

However, as we have already discussed, the plea negotiated by defendant included the condition that the trial court would exercise its discretion in imposing punishment. That did not happen here. Defendant is not estopped from arguing that he should receive the benefit of his bargain.

DISPOSITION

The conviction is affirmed, but the sentence is vacated.  The matter is remanded to the trial court for resentencing consistent with the plea agreement.


        NICHOLSON        , Acting P. J.


We concur:


        ROBIE        , J.


        MURRAY        , J.